ALICIA A.G. LIMTIACO
United States Attorney
MARIVIC P. DAVID
Assistant United States Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, GU 96910
TEL:   (671) 472-7332
FAX:   (671) 472-7215
RUSSELL H. LORFING
Assistant United States Attorney
P.O. Box 500377
Horiguchi Building, Third Floor
Saipan, MP 96950
TEL:   (670) 236-2980
FAX:   (670) 236-2985

Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case 1:13-cr-00002-002 |
| Plaintiff, | |
| vs. | **UNITED STATES' UNOPPOSED MOTION TO DISMISS WITH PREJUDICE** |
| **TIM BLYTH**, | |
| Defendant. | |

1  Pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, the United States of

2  America hereby moves to dismiss the Indictment in this matter against Defendant Tim Blyth

3  with prejudice.

4  \*   \*   \*

5  "Under Rule 48, courts must grant leave to the government to dismiss an indictment,

6  information, or complaint unless dismissal is 'clearly contrary to manifest public interest.'" *In re*

7  *Ellis*, 356 F.3d 1198, 1209 (9th Cir. 2004) (*en banc*) (quoting *Rinaldi v. United States*, 434 U.S.

22, 30 (1977)).

The primary intent of the "leave of court" requirement is to protect a defendant against prosecutorial harassment. *See Rinaldi*, 434 U.S. at 29 n. 15; *United States v. Jones*, 664 F.3d 966, 973 (5th Cir. 2011). Thus, absent a determination the United States is acting in "bad faith," the United States' decision to terminate a prosecution should not be judicially disturbed. *See, e.g.*, *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988) (district court "properly" grants a Rule 48(a) motion when "unable to find bad faith"); *see also Jones*, 664 F.3d at 973 (exercise of prosecutorial discretion to terminate prosecution "should not be judicially disturbed unless 'clearly contrary to manifest public interest'"); *Rice v. Rivera*, 617 F.3d 802, 812 (4th Cir. 2010) ("[A] Rule 48 motion that is not motivated by bad faith is not 'clearly contrary to manifest public interest,' and it *must* be granted.") (emphasis in original).

As for what constitutes "bad faith," the case-law is sparse. "The disservice to the public interest must be found, if at all, in the motive of the prosecutor [in moving under Rule 48(a)]." *United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995). "Examples of disservice to the public interest include the prosecutor's acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled." Moreover, because a "presumption of regularity" attaches to the prosecutorial decisions of the United States, it is the Defendant's burden to prove the United States is acting in bad faith. *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1007 (9th Cir. 2000).

"The decision to dismiss an indictment implicates concerns that the Executive is uniquely suited to evaluate, and a district court should be reluctant to deny its request." *Ellis*, 356 F.3d at 1210. Additionally, "[c]ourts do not know which charges are best initiated at which time, which allocation of prosecutorial resources is most efficient, or the relative strengths of various cases and charges." *Id*.

\*     \*     \*

In this case, the United States is not moving to dismiss based on any of the *Smith* factors described above. Rather, this motion is made in good faith, primarily based on the parties' Deferred Prosecution Agreement (*see* Criminal Case No. 1:14-cr-00004, ECF 4) and further discussions that the parties have had following the filing of that document. The United States further offers that counsel for this defendant is aware of this motion and does not oppose it.

For these reasons, the United States respectfully seeks leave of the Court to dismiss the Indictment as to the above defendant with prejudice.

Respectfully submitted on September 10, 2015.

                                    ALICIA A.G. LIMTIACO
                                    United States Attorney

                      By:    */s/ Russell H. Lorfing*
                            RUSSELL H. LORFING
                            Assistant United States Attorney